UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL G. HANCOCK
and MARY K. HANCOCK,

      Plaintiffs,

v.                                                 CASE NO: 8:06-CV-1724-T-27EAJ

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE, ON BEHALF
OF THE CERTIFICATE HOLDERS OF
GS MORTGAGE SECURITIES CORP.,
2004-HE2 MORTGAGE PASS-THROUGH,
and COUNTRYWIDE HOME LOANS, INC.,

      Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendants' Motion to Strike Jury Demand (Dkt. 8), to which Plaintiffs have not responded. Upon consideration, Defendants' motion is granted.

### *Background*

Plaintiffs bring this action pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601 *et seq*. On April 23, 2004, Plaintiffs executed a mortgage and note for $190,000 to Argent Mortgage Company, LLC ("Argent") in order to refinance their home. (Dkt. 2, Compl. ¶ 2; Dkt. 8, Exh. 1 at 1-2). Plaintiffs allege that they made the required payments to Argent Mortgage Company, LLC, but received a late notice from Defendant Countrywide Home Loans Inc. ("Countrywide") in August 2004. (Dkt. 2, 3). Plaintiffs allege that Countrywide told them that it was the assignee of Plaintiffs' mortgage, but that they did not receive the notice of assignment in the

1

mail until later. (*Id.*) Plaintiffs also allege that on December 8, 2004, Defendant Deutsche Bank National Trust Company ("Deutsche Bank") filed a foreclosure action, claiming that it was assigned the mortgage "by virtue of an assignment to be recorded." (Dkt. 2, ¶ 5). Plaintiffs allege that they did not receive proper notice of either assignment of their mortgage, in violation of RESPA, which requires notice within fifteen days of the transfer. (Dkt. 2, ¶¶ 27, 33). Plaintiffs also allege that Countrywide imposed late fees in violation of RESPA. (Dkt. 2, ¶ 28).

Plaintiffs' Complaint contains a demand for a jury trial. (Dkt. 2 at 7). In the instant motion, Defendants argue that Plaintiffs knowingly and voluntarily waived their right to a jury trial when they signed their mortgage. The mortgage contained the following jury trial waiver paragraph:

> **25. Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity arising out of or in any way related to this Security Instrument or the Note. (Dkt. 8, Exh. 1 at 14).

As set forth below, the Court finds that Plaintiffs have waived their right to a jury trial based on this provision.

*Discussion*

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amd. VII. As the Supreme Court has noted, "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564-65 (1990). However, it is well-established that a party may waive its right to a jury trial if the waiver is knowing and voluntary.

*Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 Fed. Appx. 820, 823 (11th Cir.2006). In assessing whether a party has knowingly and voluntarily waived its right to a jury trial, four factors must be considered: (1) the conspicuousness of the waiver provision; (2) the parties' relative bargaining power; (3) the sophistication of the party challenging the waiver; (4) and whether the terms of the contract were negotiable. *Id.* at 824. In making a determination, the Court is not bound by the number of factors that have been satisfied, but asks whether, "in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Allyn v. W. United Life Assur. Co.*, 347 F. Supp. 2d 1246, 1252 (M.D.Fla. 2004). The Eleventh Circuit has observed that there is a split in authority as to which party bears the burden on a motion to strike a demand for a jury trial, but has not yet resolved this question. *See Bakrac, Inc.*, 164 Fed. Appx. at 824, n. 1.

As an initial matter, it must be determined whether the jury trial waiver, if any, would apply to an action against Countrywide and Deutsche Bank, who were not parties to the agreement between the Plaintiffs and Argent. Paragraph 13 of the mortgage provides: "The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender." (Dkt. 8, Exh. 1, ¶ 13). Nothing in Section 20 prevents the waiver from applying. The Complaint also does not suggest that Deutsche Bank and Countrywide were not actually the "successors and assigns of Lender." The Complaint states that Plaintiffs were notified, belatedly, of the assignment from Argent to Countrywide. (Dkt. 2, ¶ 4, n.1). Although Plaintiffs allege that they never received notice of the assignment from Countrywide to Deutsche Bank (Dkt. 2, ¶ 7), the Complaint does not suggest that this assignment did not occur. In fact, the basis of Plaintiffs' claim is that Deutsche Bank failed to notify them when their mortgage was transferred

3

from Countrywide to Deutsche Bank. (Dkt. 2, ¶¶ 32-33). The Court accordingly finds that the contract provisions bind Plaintiffs and Defendants as set forth in Paragraph 13 of the mortgage.

This dispute falls within the ambit of the jury trial waiver, as it is a dispute "arising out of or in any way related to this Security Instrument or the Note." The mortgage addresses the obligations of the parties upon sale of the note or change of the loan servicer: "Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing." (Dkt. 8, ¶ 20). As Plaintiffs allege that Defendant failed to comply with these notice provisions, the claim arises out of and is related to the mortgage.

Finally, there is no showing that Plaintiffs did not knowingly and voluntarily waive their right to a jury trial. The jury trial waiver is contained in the final paragraph of the sixteen-page mortgage, just above Plaintiff's initials and directly preceding their signatures. That paragraph is in a typeface and style consistent with the rest of the document and not obscured by other language. As Plaintiffs have not responded to the instant motion, there is no evidence indicating that the waiver was not knowing and voluntary. *See Bakrac, Inc.*, 164 Fed. Appx. at 824 (11th Cir. 2006) (upholding jury trial waiver); *Belin v. Litton Loan Serv., LP*, 2006 WL 2061340, *1 (M.D.Fla. 2006) (same); *Allyn*, 347 F. Supp. 2d at 1251 (same). Accordingly, Defendants' Motion to Strike Jury Demand (Dkt. 8) is **GRANTED**.

**DONE AND ORDERED** in chambers this 23rd day of October, 2006.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

4